UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EUGENE ROSS,<br><br>    Plaintiff,<br><br>  v.<br><br>GEORGE ADAMSON, Chaplin of Stateville Correctional Center; and WALTER NICHOLSON, Warden of Stateville Correctional Center,<br><br>    Defendants. | No. 17 C 7756<br><br>Judge Thomas M. Durkin |

## MEMORANDUM OPINION AND ORDER

Eugene Ross is incarcerated at Stateville Correctional Center. He alleges that he has been deprived of his right to attend religious services, to be provided religious meals, and to access other aspects of practicing Islam. He has filed a motion for leave to amend his complaint to add new plaintiffs, new defendants, and a class claim. R. 48. That motion is denied in part and granted in part.

## Background

Ross originally brought this action pro se. He seeks damages for being deprived of "access to Islamic programs, halal food, Quaranic tapes, [Islamic] chaplain, the wearing of religious head covering and job employment." R. 16 at 10. He also seeks an injunction requiring that he be provided these benefits. *Id.* Ross represented himself through the close of discovery on September 5, 2019.

Almost two months later on October 30, 2019, Ross's current counsel entered an appearance on his behalf. Five months later on February 11, 2020, Ross—now

through counsel—sought leave to file an amended complaint adding new plaintiffs, new defendants, and class claim. Defendants oppose the motion as untimely and argue that the class claim fails to satisfy Federal Rule of Civil Procedure 23.

## Analysis

### I.    Rule 16

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." By contrast, Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause." The Seventh Circuit has held that Rule 16's good cause standard applies to a motion to amend when a court has set a deadline for amendments. *See Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016).

No deadline for amending pleadings was set in this case. Nevertheless, Ross's motion must satisfy Rule 16 because it requires a reopening of discovery, which was ordered closed on September 5, 2019. R. 33. The Seventh Circuit has affirmed a district court's application of Rule 16's good cause standard in a case where the district court set deadlines for discovery and dispositive motions—but not for motions to amend—and denied a motion for leave to amend filed a month after discovery closed. *See Edmonson v. Desmond*, 551 Fed. App'x 280, 282 (7th Cir. 2014) ("Moreover, the deadline for discovery and dispositive motions had also passed. Therefore, the district court correctly determined that Edmonson first had to show good cause to modify the scheduling order before the general standard of Rule 15(a)(2) could apply."); *see also Smith v. Honeywell Int'l, Inc.*, 2014 WL

2

301031, at *5 (D.N.J. Jan. 27, 2014) ("Where a scheduling order sets no amendment deadline, courts have looked to when discovery closed to determine whether the motion to amend is untimely under Rule 16. Rule 16(b) applies to a motion to amend even when there is no scheduling order deadline, if any possibility to amend the pleadings would expire when discovery closed."); *Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, 2012 WL 2458060, at *5 (E.D.N.Y. June 27, 2012) ("Rule 16 will apply, even absent a specific deadline in a scheduling order, where the record contains some indication that the court and the parties understood that the pleadings would not be further amended.").

"In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011); *Peters v. Wal-Mart Stores E., LP*, 512 Fed. App'x 622, 627-28 (7th Cir. 2013) ("[T]he good-cause standard focuses on the diligence of the party seeking amendment, not the prejudice to the nonmoving party.").

Here, Ross did not proceed in an expeditious manner. Discovery closed on September 5, 2019, after Ross requested an extension of 30 days. *See* R. 33. Ross's counsel appeared in the case on October 30. *See* R. 37. During a hearing the next day, counsel told the Court that he planned to amend the complaint to add a defendant and then move for summary judgment. No mention was made of a class claim. The Court instructed counsel to confer with Defendants to determine whether they opposed amendment. *See* R. 38. But then on November 18, 2019, counsel simply filed

an amended complaint on the docket, without leave, even though amendment was opposed. *See* R. 39. The amended complaint did not include a class claim. *Id.*

After the Court struck the amended complaint, Ross filed a motion for class certification on December 6, 2019, *see* R. 41, even though he still had not properly filed an amended complaint with a class claim. At a hearing on December 18, the Court reiterated that that Ross needed to file a motion for leave to amend the complaint and he would need to explain why the Court should permit amendment even though discovery had closed. *See* R. 44. The Court ordered the motion to be filed by January 23, 2020. The day before, Ross sought another extension until February 25, stating that his counsel was waiting to receive responses from other inmates who were potential class members. *See* R. 45. The Court granted this motion because Defendants did not oppose it. *See id.* Ross filed his motion on February 11. *See* R. 48.

This shows that Ross unduly delayed this case at several steps leading up to his filing a motion for leave to amend. Ross's counsel did not appear until almost two months after the close of discovery. Then it took nearly another two months for counsel to understand that a motion for leave to amend was required. At that point, even having already been warned by the Court that Ross's motion for leave to amend would be required to justify the delay that had already occurred, Ross sought a further extension because counsel was still gathering information about potential class members, causing an additional two-month delay.

Counsel is part of a public interest group dedicated to defending the civil liberties of Muslim people. At the hearing on December 18, 2019, counsel represented

4

that he had taken the case because his organization "had gotten complaints from inmates on this issue." With that being the case, counsel should have been prepared to properly seek to amend the complaint shortly after entering his appearance in the case. Instead, counsel's approach to amending the complaint and seeking to add a class claim has unduly delayed this case.[1]

The three new named plaintiffs and class claim Ross seeks to add would delay the case even further. Ross argues that "[i]t is in the interest of judicial economy to consolidate the many complaints of prisoners under the care of the Illinois Department of Corrections [with claims similar to Ross's]." R. 59 at 2. Yet, he also concedes that whether any individual inmate is entitled to the religious benefits at issue here depends on a showing of sincere religious belief. *See id.* at 3. Ross describes this additional discovery as minimal. But determining sincere religious belief would undoubtedly require the deposition of every class member, not just the named plaintiffs. And deposing all class members would require creation of a process for inmates to respond and schedule a deposition. This is by no means an uncommon or impossible undertaking. But it would be time-consuming. And it is not appropriate to delay this case further for that reason.

Additionally, should the Court find that Defendants have violated federal law by not ensuring Ross's access to the religious benefits he seeks, that ruling would be

---

[1] Ross contends that Defendants could have filed summary judgment at any time if they wanted to move the case along. But the Court typically requires a conference with the parties before summary judgment motions are filed and, clearly, the pleadings needed to be settled (particularly whether this is a class proceeding) before summary judgment could be briefed.

nearly as beneficial to other inmates of the Islamic faith incarcerated by the Illinois Department of Corrections ("IDOC") as would a decision in a class proceeding. Ross concedes that the IDOC provides an administrative process for requesting religious benefits. Other Islamic IDOC inmates could use a favorable decision in this case to support their demands in the course of that process. Ross contends that the IDOC process takes "considerable time" because it operates on a "case-by-case basis." But that would be equally true in this case, as both processes would require individual determinations of sincere religious belief.

There is no reason to force that "considerable time" into this case. The better course is to proceed to summary judgment on Ross's claims individually so the Court can more immediately decide the heart of the case—i.e., whether the IDOC is required to provide the benefits Ross seeks to inmates with sincere beliefs. With that issue decided, decisions about which inmates hold sincere Islamic beliefs can then be decided: for Ross in this case, and for other inmates in the IDOC's administrative processes (or if those processes are exhausted, through their own lawsuits).

Defendants also object to the new defendants Ross seeks to add to the case. But those defendants have been added in their official capacities only. Presumably, by adding these defendants, Ross simply seeks to ensure that any injunction the Court issues is directed to the correct IDOC official. The Court does not believe that adding official defendants for injunctive purposes would require additional discovery. The parties should meet and confer in order to reach agreement as to which IDOC

officials would have the authority to enforce the Court's injunction, and the complaint should be amended accordingly.

## II.    Rule 15

Even if the Court were to hold Ross to Rule 15's lower standard, the Court would still deny his motion. "District courts . . . have broad discretion to deny leave to amend [under Rule 15] where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Right Field Rooftops, LLC v. Chicago Cubs Baseball Club, LLC*, 870 F.3d 682, 693 (7th Cir. 2017). The Court has already explained how Ross's delay in seeking to amend was undue, but generally, "[d]elay alone is insufficient justification; prejudice to the nonmovant must also be shown." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014)

Here, Ross's delay prejudiced Defendants. Permitting amendment to add the proposed plaintiffs and a class claim would significantly delay resolution of this case. Discovery is closed and this case is ripe for summary judgment. Adding the proposed plaintiffs would likely mean additional months of discovery. The Seventh Circuit regularly affirms district court denials of motions to amend in similar, and even less egregious, circumstances. *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (affirming denial of leave to amend brought three days before the close of discovery); *Feldman v. Am. Mem'l Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999) (affirming the denial of leave to amend a pleading as unduly prejudicial where the motion was made "well after the close of discovery"); *Sanders v. Venture Stores, Inc.*,

7

56 F.3d 771, 773-74 (7th Cir. 1995) (16 days after close of discovery); *see also McCoy*, 760 F.3d at 687 (affirming denial of motion for leave to amend at the pleading stage when the case had already proceeded for 24 months); *Bowden v. Kirkland & Ellis LLP*, 432 Fed. App'x 596, 600 (7th Cir. 2011) (in the context of applying Rule 16, "the [district] court reasonably concluded that adding new defendants would unduly delay disposition of the case by triggering another round of discovery or flurry of motions").

Moreover, Ross will not be prejudiced by a denial of his motion for leave to amend. Indeed, the proposed amendments do not benefit Ross at all. They are sought to benefit a class that does not yet exist, even putatively, and so does not have any standing here. As discussed, a ruling in Ross's favor will be highly beneficial to other IDOC inmates of the Islamic faith even if they are not parties to the case. And rejecting the class claim amendment does not prejudice Ross, but rather moves his claims more quickly to resolution.

## Conclusion

Therefore, Ross's motion for leave to amend [48] is denied in part and granted in part in accordance with this order. The parties should contact the Courtroom Deputy within the next seven days to schedule a summary judgment conference.

ENTERED:

Thomas M Durkin
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: September 23, 2020

8